UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SEIU HEALTHCARE 1199NW,<br><br>            Plaintiff,<br>      v.<br><br>PROVIDENCE HEALTH & SERVICES,<br>d/b/a Providence SoundHomeCare and<br>Hospice<br><br>            Defendants. | Case No. C19-5628 BHS-TLF<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for October 25, 2019 |

This matter comes before the Court on defendant's motion to dismiss. Dkt. 15. Defendant moved to dismiss plaintiff's complaint (Dkt. 1) pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 15.  Subsequent to defendant's motion, plaintiff filed an amended complaint. Dkt. 18. Defendant no longer challenges the sufficiency of the allegations in plaintiff's first amended complaint under Fed. R. Civ. P. 12(b)(6). Dkt. 21 at 2. Therefore, the remaining questions for the Court are: (1) whether the dispute resolution methods identified in the parties' collective bargaining agreement ("CBA") and letter of understanding waived plaintiff's right to bring their claims in a judicial forum; and (2) whether plaintiff is estopped from bringing this action by a prior arbitration decision?

**<u>Legal Standard</u>**

Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) address the Court's subject matter jurisdiction. "The burden of establishing subject the matter jurisdiction

REPORT AND RECOMMENDATION - 1

rests upon the party asserting jurisdiction." *Rice v. Providence Regional Medical Center Everett*, 2009 WL 2342449 (W.D. Wash., July 28, 2019) (*citing to Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). When considering a motion to dismiss pursuant to Rule 12(b)(1), the Court must accept as true the factual allegations of the complaint. *United States Ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1189 (9th Cir. 2001). However, the Court is not required to accept as true plaintiff's allegations asserting proper subject matter jurisdiction. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (*citing to Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). The Court may properly consider evidence outside of the pleadings to resolve factual disputes concerning the existence of jurisdiction. *Robinson,* 586 F.3d at 685; *Gordon v. United States*, 739 Fed. Appx. 408, 411 (9th Cir. 2018).

## Factual Background

The following facts are alleged in plaintiff's first amended complaint and are assumed to be true for the purpose of reviewing this motion.

Plaintiff is a labor organization that represents employees in the state of Washington, some of which are employed by defendant. Dkt 18 at. ¶¶ 3.1-3.2, 4.2-4.3. In August 2017, the parties entered the Collective Bargaining Agreement (CBA) which sets forth the wages, hours, and working conditions for plaintiff's represented employees. *Id*. at 4.1. The CBA also contains a letter of understanding (LOU) between the parties. *Id*. at ¶ 4.11.

Plaintiff alleges that as late as October 28, 2018 defendants violated the staffing provisions contained in the CBA and the LOU. *Id*. at ¶ 4.14-4.22. Article 16 of the CBA contains a grievance procedure outlining steps to resolve allegations that a breach of the CBA has occurred. *Id*. at ¶ 4.12; Ex. A at p. 49-51. The CBA and LOU both exclude staffing issues from

this grievance procedure. *Id*. at ¶ 4.12; Ex. A p. 51, 56-57.[1] Instead, the CBA and LOU establish a Labor-Management Committee to consider issues arising from staffing decisions. *Id*. at ¶ 4.13; Ex. A at p. 41-42.

The LOU states that:

> Employees who have concerns about their caseload/productivity requirements are encouraged to address the issue directly with their supervisor or designee. Many staffing/caseload issues, if addressed with the supervisor at the time of occurrence, can be resolved through adjustment in assignments or through the use of other staffing resources.
>
> After doing so, any employee(s) who are not satisfied with the supervisor/manager response to the staffing concern may take their concern to the Labor Management Committee for inclusion on the meeting agenda.
>
> The Labor Management Committee shall discuss the concerns. The Program Director of the impacted or affected department and Human Resources shall be present at the meeting where the issue is discussed.
>
> The Labor Management Committee shall discuss the concerns and shall make written advisory recommendations on ways to resolve the issues. Responses to the recommendations will be presented to the Labor Management Committee members in writing.
>
> Final staffing decisions shall be made by the Program Director, in consultation with the Service Line VP.
>
> The determination of staffing/caseload/productivity requirements shall not be subject to grievance and/or arbitration nor shall utilizing this process affect an employee's performance evaluation or be the subject of discipline.

Dkt. 18 at Ex. A p. 56-57.

Despite this separate process for communicating about staffing issues, on October 28, 2018, plaintiff initiated the grievance procedures set out in Article 16 by filing a grievance on behalf of its member alleging violations of the CBA and LOU staffing provisions. *Id*. at ¶ 4.20.

---

[1] The parties agree that concerns arising from staffing issues are not covered by the grievance procedure created by Article 16 of the CBA. See, Plaintiff's First Amended Complaint, Dkt. 18 at ¶ 4.12; Defendant's Motion to Dismiss Dkt. 15 at p. 3-5, 8.

REPORT AND RECOMMENDATION - 3

On December 10, 2018, defendant issued a response to plaintiff's purported grievance informing plaintiff that the issue was not subject to the Article 16 grievance procedure and that no breach had occurred. *Id*. at 4.23. Plaintiff followed the steps of the grievance procedure and eventually advanced the grievance to arbitration. *Id*. at ¶¶ 4.23-4.28. On May 6, 2019, the arbitrator issued a ruling on substantive arbitrability, finding that the parties did not agree to submit the issue underlying the grievance to arbitration and therefore the arbitrator lacked subject matter jurisdiction to hear the grievance. *Id*. at ¶¶ 4.29-4.30.

## Discussion

I. Subject Matter Jurisdiction

As a threshold matter the Court must determine whether the Court has subject matter jurisdiction. For the reasons set forth below, the undersigned recommends the Court should hold that the Court does have subject matter jurisdiction over this litigation.

Section 301(a) of the Labor Management Relations Act (LMRA) states that:

> Suits for violation of a contract between an employer and labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

Under Section 301(a), "there is a strong presumption that favors access to a neutral forum for the peaceful resolution of disputes." *Groves v. Ring Screw Works, Ferndale Fastener Div.*, 498 U.S. 168, 173 (1990). However, this presumption favoring access to judicial forum can be overcome if the parties agree on a different method to resolve their disputes. *Id*. at 173-74. In fact, the LMRA provides that final resolution of disputes through methods mutually agreed upon by the parties is the desired method for settling grievance disputes arising from collective bargaining agreements. 29 U.S.C. § 173.

REPORT AND RECOMMENDATION - 4

The method for resolution need not be limited to arbitration; other alternative dispute resolution methods are given the same deference as arbitration. *Sheet Metal Workers Intern. Ass' Local Union No. 420 v. Kinney Air Conditioning Co.*, 756 F.2d 742, 744 (9th Cir. 1985); *see, Groves,* 498 U.S. at 173-74. The question is whether the parties have chosen a particular method as their "instrument for definitive settlement of grievance" under the collective bargaining agreement. *General Drivers, W. &. H. v. Riss & Co.*, 372 U.S. 517, 519 (1963). The courts will enforce this method for settling grievances if the method is found to be final and binding under the collective bargaining agreement. *Id*. at 520. But, the agreement will only be interpreted to preclude judicial review if the collective bargaining agreement shows a clear intent to overcome the right to seek judicial relief. *See, Groves*, 498 U.S. at 175 (*quoting Associated General Contractors of Illinois v. Illinois Conference of Teamsters*, 486 F.2d 972, 976 (7th Cir. 1973)); *Aeronautical Indus. Dist. Lodge 91 v. United Techs. Corp.*, 230 F.3d 569, 575 (2nd Cir. 2000).

In cases involving statutory claims, the United States Supreme Court has found that although there is a presumption in favor of arbitrability, the collective bargaining agreement requirement to arbitrate these claims must be particularly clear. *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 78-80 (1998). The Court in *Wright* held that "the right to a federal judicial forum is of sufficient importance to be protected against less-than-explicit union waiver in a CBA." *Id*. at 80. The Court held that waiver of judicial forum in a collective bargaining agreement must be "clear and unmistakable" to be enforceable. *Id*. This "clear and unmistakable" standard is met when the collective bargaining agreement incorporates the statute at issue or includes a clause expressly referring to the claims at issue. *Wawock v. CSI Elec. Contractors, Inc.*, 649 F.App'x 556, 558 (9th Cir. 2016); *Munger v. Cascade Steel Rolling Mills, Inc.*, No. 3:18-cv-00970-SB, 2019 WL 1938786 at *10-11 (D. Or. May. 01, 2019). Although the

Court in *Wright* and *14 Penn Plaza v. Pyett*, 556 U.S. 247 (2009), applied the "clear and unmistakable" standard to statutory discrimination claims, a number of courts have applied this standard to other statutory claims. *Wawock*, 649 F.Appx. at 558 (listing cases applying the "clear and unmistakable" standard.)[2]

This "clear and unmistakable" standard does not preclude the parties from agreeing to alternative dispute resolution of statutory claims in a collective bargaining agreement; the Courts simply require that these provisions be explicitly stated. *14 Penn Plaza,* 556 U.S. at 257-59. With regards to claims based on contractual rights, although there is a presumption of arbitrability, the power of the arbitrator is derived from and limited by the collective bargaining agreement. *Id*. at 263 (*discussing Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728 (1981)); *See, Wright,* 525 U.S. at 78.

As discussed above, dispute resolution methods that are designated in a collective bargaining agreement as the agreed-upon method to resolve contractual disputes are enforceable. 29 U.S.C. § 173, *General Drivers,* 372 U.S. at 519. However, for these provisions to be enforceable the parties must make their intent to preclude judicial forum clear by choosing a particular method as the exclusive instrument for definitive settlement of grievance. *General Drivers,* 372 U.S. at 520; *Groves*, 498 U.S. at 175. The policy considerations underlying this requirement are analogous to those supporting the "clear and unmistakable standard;" a presumption favoring access to judicial forums and the principle that alternative dispute methods

---

[2] "But every court to have discussed the issue has recognized *Wright's* application to other statutory claims. *See, e.g., Gilbert v. Donahoe*, 751 F.3d 303, 307-310 (5th Cir. 2014)(FMLA); *Jonites v. Exelon Corp*., 522 F.3d 721, 725 (7th Cir. 2008)(FLSA); *O'Brien v. Town of Agawam*, 350 F.3d 279, 284-86 (1st Cir. 2003)(FLSA); *Vasserman v. Henry Newhall Memorial Hosp.*, 65 F. Supp. 3d 932, 964-65 (C.D. Cal. 2014)(California wage and hour law claims); *Martinez v. J. Fletcher Creamer & Son, Inc.*, No. CV-10-0968 PSG (FMOx), 2010 U.S. Dist. LEXIS 93448, 2010 WL 3359372, *3 (C.D. Cal. Aug, 13, 2010)(FLSA and California statutory claims)." *Wawock*, 649 F.Appx. at 558.

are necessarily limited to the agreement of the parties as expressed in the contract. *Groves*, 498 U.S. at 173, 175; *General Drives*, 372 U.S. at 519; *Cf. Wright*, 525 U.S. at 78,80; *14 Penn Plaza*, 556 U.S. at 263. The Court should hold that even if the clear and unmistakable standard does not apply – because this is an action for breach of contract rather than a statutory claim -- the Court would still have subject matter jurisdiction because the LOU does not show a clear intent to make the alternative dispute resolution process the exclusive remedy for concerns about staffing.

The parties agree that the CBA expressly excludes staffing issues from the grievance procedure set out in Article 16 of the CBA. See, Plaintiff's First Amended Complaint, Dkt. 18 at ¶ 4.12; Defendant's Motion to Dismiss Dkt. 15 at p. 3-5,8. Defendant argues that LOU between the parties provides for a final and exclusive dispute resolution method for staffing concerns. Dkt. 15 at p. 8; Dkt. 21 at p. 4-6.

The purported final and exclusive procedures set out in the LOU are as follows. First, the employees are encouraged to address staffing issues with their supervisors. Dkt. 18 Ex. A p. 56. If the employees are unsatisfied with their supervisor's response, the employee may raise their concern to a Labor Management Committee that will discuss the concerns at a meeting attended by the Program Director. *Id*. After the meeting the Labor Management Committee will make a written advisory recommendation. *Id.* at p. 57. The LOU then states that "[f]inal staffing decisions shall be made by the Program Director, in consultation with the Service Line VP." *Id*. Finally, the LOU states that "[t]he determination of [staffing] requirements shall not be subject to grievance or arbitration." *Id*.

These provisions in the LOU do not clearly and unmistakably waive plaintiff's right to a judicial forum, nor do they set forth an exclusive means of dispute resolution for staffing concerns. First, at this stage of the litigation, the Court has no clarity on whether the parties

REPORT AND RECOMMENDATION - 7

intended the term "final staffing decisions shall be made by the Program Director" to mean only that the Program Director will render a decision based on the Labor Management Committee recommendation or whether the Program Director's decision on any given dispute is simply not subject to challenge (informal or otherwise). Second, the LOU expressly states that any determination regarding staffing issues would not be subject to the grievance procedure or arbitration. However, the section of the LOU discussing staffing issues is silent on whether plaintiff has a right to seek remedy in a judicial forum.  Further, the LOU is also silent on whether these procedures are plaintiff's exclusive remedy.

For these reasons the LOU should not be interpreted as a waiver of plaintiff's right to a judicial forum. And, because the LOU fails to manifest an intent to create an exclusive instrument for definitive settlement of grievance, the Court need not apply the clear and unmistakable standard to find that the Court has jurisdiction over this settlement. In fact, the only remedies expressly excluded by the LOU are arbitration and the grievance procedure set forth in the CBA. Under the language of the LOU a concern about staffing is not referred to as falling into the category of a grievance. Accordingly, the undersigned recommends that the Court hold that subject matter jurisdiction in this action is proper under Section 301 of the LMRA.

II.   Collateral Estoppel

Next, defendant argues that even if the Court finds that the Court has jurisdiction to hear this litigation, the prior arbitration decisions bars litigation pursuant to the doctrine of collateral estoppel. Dkt. 15 at p. 10. For the reasons stated below, the undersigned recommends that the Court hold that this litigation is not barred by the doctrine of collateral estoppel.

Arbitration decisions can have collateral estoppel effect. *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992). "Collateral estoppel bars successive litigation of an issue of

fact or law actually litigated and resolved in prior court determination even if the issue recurs in the context of a different claim." *Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) (*citing to Howard v. City of Coos Bay*, 871 F.3d 1032, 1040-41 (9th Cir. 2017)).  A party asserting that an issue is barred by collateral estoppel must demonstrate that: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceeding; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessarily decided on the merits." *Howard*, 871 F.3d at 1041 (*quoting*, *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th. Cir. 2012).

Prior to this litigation, although under the terms of the LOU it was not required to do so, plaintiff asserted staffing concerns using the grievance procedures set forth in the CBA, and advanced their "grievance" to arbitration. Dkt. 18 at ¶ 4.27. Plaintiff identified the nature of the purported grievance as: "Violation of Contract, including but not limited to Letter of Understanding "Staffing". Employer has not made a good faith effort to adjust daily patient assignments based on factors described in [LOU], including but not limited to miles traveled and evidence based high acuity patients." Dkt. 16 Ex. 1 (alterations in arbitration decision).

During the arbitration defendant argued that, pursuant to the CBA, the arbitrator lacked jurisdiction, and plaintiff argued that the jurisdictional objection should be argued as part of the proceedings. *Id*. The arbitrator agreed with defendant holding that the issue was not substantively arbitrable and granted defendant's request to not schedule a hearing. *Id*.

First, there were two issues before the arbitrator in the prior arbitration, (1) whether the arbitrator had the proper jurisdiction to decide the issues being arbitrated and (2) whether defendant violated the staffing provisions of CBA and LOU. Dkt. 16 Ex. 1. The first issue is not before the Court in this litigation -- the issue raised in this litigation is whether the CBA and

LOU bar the Court's jurisdiction over the litigation -- not whether grievances under these provisions are substantively arbitrable. Therefore, the arbitration decision does not collaterally estop the Court's jurisdiction in this litigation.

The second issue, whether there has been a breach of the CBA and LOU, is identical in both the arbitration and the present litigation. In the arbitration and in this litigation, the plaintiff alleges that defendant violated the CBA by failing to follow the staffing requirement provisions in the CBA and LOU.

But, the remaining elements of collateral estoppel are not met. The arbitrator held that she did not have jurisdiction to hear the grievance before her and granted defendant's request that a hearing on the merits be denied. Accordingly, the arbitrator did not adjudicate this issue on its merits. Further, the issue was not actually litigated, and plaintiff was not provided a full and fair opportunity to litigate the merits of the issue before the arbitrator. Accordingly, the doctrine of collateral estoppel does not preclude the issue of breach of the CBA and LOU.

For these reasons, the undersigned recommends that the Court hold that the doctrine of collateral estoppel does not preclude this litigation.

## Conclusion

Based on the foregoing, the undersigned recommends that the Court DENY defendant's motion to dismiss.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto; if objections are filed, then the parties have fourteen days from the date of service of the objections to file a response to the other party's objections. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **October 25, 2019**, as noted in the caption.

Dated this 24th day of September, 2019.

Theresa L. Fricke
United States Magistrate Judge