UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SEIU HEALTHCARE 1199NW,<br><br>                Plaintiff,<br><br>    v.<br><br>PROVIDENCE HEALTH & SERVICES,<br><br>                Defendant. | CASE NO. C19-5628 BHS-TLF<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 25, and Defendant Providence Health & Services' ("Providence") objections to the R&R, Dkt. 26.

On September 24, 2019, Judge Fricke issued the R&R recommending that the Court deny Providence's motion to dismiss for lack of jurisdiction. Dkt. 25. On October 9, 2019, Providence filed objections. Dkt. 26. On October 23, 2019, Plaintiff SEIU Healthcare 1199NW ("Union") responded. Dkt. 27.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, the main issue is the law regarding the parties' ability to contract away their rights to judicial review. The main problem with Providence's position is its reliance on an underlying proposition that "the sole avenue for challenging 'an alleged breach of the terms and conditions' of the [Collective Bargaining Agreement ("CBA")] (i.e., a 'grievance') is through the grievance and arbitration process." Dkt. 15 at 3. The CBA provides in relevant part as follows: "A grievance is defined as an alleged breach of the terms and conditions of this Agreement." Dkt. 18 at 49, ¶ 16.1. While the parties agreed that a grievance is an alleged breach of contract, the converse is not true. In other words, Providence fails to cite any provision in the contract that requires every alleged breach of contract to be considered a grievance. Whether the parties intended this to be so would require extrinsic evidence and is not properly the subject of a motion to dismiss. As such, Providence fails to cite an allegation or undisputed fact establishing that the parties' "sole remedy" for all alleged breaches of contract is the grievance procedure, especially when the provision in question explicitly states that disagreements are not subject to the grievance procedure set forth in the CBA.

Turning to the complaint, the Union brings an alleged breach of contract that is not subject to any remedial procedure set forth in the CBA. Having reached that conclusion, the Court agrees with the analysis set forth in the R&R regarding the presumption in favor of a judicial forum to resolves disputes in labor agreements. Therefore, the Court

having considered the R&R, Providence's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**; and

(2) Providence's motion to dismiss for lack of jurisdiction is **DENIED**;

Dated this 10th day of February, 2020.

BENJAMIN H. SETTLE
United States District Judge