1

2

3

4                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
5                                    AT TACOMA

6    SEIU HEALTHCARE 1199NW,

7                          Plaintiff,            Case No. C19-5628 BHS-TLF
          v.
8                                                ORDER GRANTING MOTION FOR
                                                 EXTENSION OF TIME AND
     PROVIDENCE HEALTH & SERVICES,               DENYING MOTION TO COMPEL
9
                           Defendant.
10

11          This matter comes before the Court on plaintiff's motions for extension of time to

12   complete discovery (Dkt. 47) and motion to compel production (Dkt. 49). The parties

13   have briefed the issues, and the Court held oral argument. Dkt. 47, 49, 51, 52, 53, 54,

14   55, 56, 57, 58, 59, 60, 61, 62, 63, 64. The Court GRANTS plaintiff a limited extension of

15   time to complete discovery and DENIES plaintiff's motion to compel production.

16                    FACTUAL AND PROCEDURAL BACKGROUND

17          Plaintiff brings this action alleging that defendant breached its contractual duties

18   under a Collective Bargaining Agreement ("CBA") and Letter of Understanding ("LOU").

19   Dkt. 18. The parties agree that plaintiff served its first set of interrogatories and requests

20   for production on February 7, 2020. Dkt. 47 at 2, Dkt. 51 at 3. The Court has granted

21   four stipulated extensions of pretrial deadlines. Dkt. 33, 34, 39, 40, 43, 44, 45, 46.

22          The discovery cut-off was November 30, 2020. Dkt. 46. On November 30, 2020,

23   plaintiff filed a motion seeking an extension of time to complete discovery. Dkt. 47. The

24

25
     ORDER GRANTING MOTION FOR EXTENSION OF
     TIME AND DENYING MOTION TO COMPEL - 1

1   parties indicate that they met and conferred on November 23, 2020 regarding discovery

2   issues and defendant indicated it was working on producing responsive documents.

3   Dkt. 47 at 4, Dkt. 51 at 6-7. Defendant rejected plaintiff's suggestion to extend the

4   discovery deadline to December 4, 2020; instead, they agreed to try to produce

5   documents on November 25th and 27th. Dkt. 47 at 4, Dkt. 51 at 6-7.

6        Defendant produced documents on November 25th and on November 27th.[1] The

7   parties subsequently met and conferred, and plaintiff proposed extending discovery

8   deadlines to address issues related to the supplemental documents. Dkt. 47 at 5, Dkt.

9   51 at 7-8. Defendant declined plaintiff's request for a stipulated extension and plaintiff

10  filed the pending motion for extension of time. Dkt. 47 at 5-6, Dkt. 51 at 8. Plaintiff seeks

11  an extension of time to conduct further discovery and depositions. Dkt. 47 at 6-7.

12       On December 4, 2020, plaintiff filed a motion requesting that the Court compel

13  defendant to produce documents responsive to a supplemental request for production

14  seeking: "documents that refer or relate to Sound employee surveys, including the

15  survey questions and employee answers, regarding the subject matter of this action, or

16  this action itself." Dkt. 49 at 1. Plaintiff contends that defendant produced documents

17  referencing employee/caregiver surveys conducted by defendant, including emails

18  discussing a 2019 "Caregiver Experience Survey." *Id.* at 4-5. Plaintiff's alleges that

19  defendant objected to the request for production and despite meeting and conferring,

20  the parties have not reached an agreement regarding this request for production. Dkt.

21  49 at 5-8.

22  _____

23  [1] Plaintiff states that defendant produced 880 pages of documents on November 25th, 2020 and 1,045 pages of documents on November 27, 2020 (1,925 pages in total). Dkt. 47 at 5. Defendant states that it produced 519 supplemental documents on November 25, 2020 and 705 supplemental documents on

24  November 27, 2020. Dkt. 51 at 7.

25

ORDER GRANTING MOTION FOR EXTENSION OF
TIME AND DENYING MOTION TO COMPEL - 2

1

DISCUSSION

2

A.  Motion for Extension of Time

3      Pursuant to Fed. R. Civ. P. 16(b)(4) a scheduling order may only be modified for

4  good cause and with the Court's consent. "Rule 16(b)'s 'good cause' standard primarily

5  considers the diligence of the party seeking the amendment." *Johnson v. Mammoth*

6  *Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). The Court may modify the pretrial

7  schedule if the moving party could not reasonably meet the deadlines despite the

8  party's diligence. *Id.* While the Court may consider whether the opposing party will be

9  prejudiced by the extension of time, the focus of the inquiry is whether the moving party

10  was diligent. *Johnson*, 975 F.2d at 609. Further, mere failure to complete discovery

11  within the time allowed does not constitute good cause for an extension. LCR 16(b)(6).

12      Defendant produced hundreds of supplemental documents on November 25th

13  and even more documents on November 27th. Dkt. 47, 51. Considering the number of

14  documents defendant produced and the proximity of the production to the Thanksgiving

15  holiday, it does not appear that plaintiff could reasonably review the November 25th and

16  27th productions and conduct additional discovery or motion practice before the

17  November 30th deadline. Accordingly, the Court finds good cause to grant an extension

18  of the discovery deadline for narrowly tailored additional discovery.

19      The Court grants a 45-day extension of time to complete discovery. Plaintiff may

20  conduct additional discovery regarding new evidence produced on November 25th and

21  November 27th that was not previously produced. Additionally, plaintiff may conduct a

22  one-hour deposition of Carlos Alaniz, the new Sound Hospice Director, regarding new

23  information arising from the November 25th and 27th document productions.

24

25

ORDER GRANTING MOTION FOR EXTENSION OF
TIME AND DENYING MOTION TO COMPEL - 3

1       B.  Motion to Compel

2       Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv) a party may move for an order

3   compelling production when a party fails to produce documents or fails to permit

4   inspection as required by Rule 34. Rule 34 allows a party to serve on another party a

5   request for production within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). In turn, Fed.

6   R. Civ. P 26(b)(1) states:

7           Unless otherwise limited by court order, the scope of discovery is as
            follows: Parties may obtain discovery regarding any nonprivileged matter
8           that is relevant to any party's claim or defense and proportional to the
            needs of the case, considering the importance of the issues at stake in the
9           action, and the amount in controversy, the parties' relative access to
            relevant information, the parties' resources, the importance of the
10          discovery in resolving the issues, and whether the burden or expense of
            the proposed discovery outweighs its likely benefit. …

11

12      Plaintiff contends that the requested surveys are relevant because they relate to

13  plaintiff's allegations that defendant failed to make good faith efforts to adjust daily

14  patient assignments for Union-represented employees. Dkt. 49 at 9. Plaintiff alleges that

15  the survey evidence may show or lead to evidence showing the extent to which

16  defendant attempted to ascertain the efficacy of defendant's approach to staffing and

17  adjustments to patient assignment, as well as defendant's knowledge of employee's

18  opinions on whether defendant's approach to staffing was working. Dkt. 49 at 9-10.

19      Plaintiff has attached a May 2019 email sent from the Director of Sound Home

20  Health to Home Health clinical managers with anonymous excerpts from survey

21  responses purportedly relevant to this litigation. Dkt. 49-2 at ¶ 10, Dkt. 60-1 at 216.

22  Defendant asserts that the requested surveys are annual surveys that Providence

23  Health and Services provides to every eligible employee throughout the Providence

24

25

ORDER GRANTING MOTION FOR EXTENSION OF
TIME AND DENYING MOTION TO COMPEL - 4

1   Health and Services organization. Dkt. 56 at 7. Defendant also states that it would be

2   extremely burdensome, if not impossible, to determine which surveys came from Union-

3   represented employees, because the surveys are anonymous and not all employees

4   are members of the Union. Dkt. 56 at 7-8. During oral argument, defendant also

5   indicated that the surveys were conducted by a third party. Dkt. 64.

6          Considering the scope and nature of the surveys requested, the burden of

7   producing responsive surveys outweighs their likely benefit. The scope of plaintiff's

8   document request includes surveys of all eligible employees working for Providence

9   Health & Services, not just Providence SoundHomeCare and Hospice, over a three-

10  year period. The surveys are anonymous and conducted by a third-party service

11  provider. Accordingly, it appears that it would be unduly burdensome for defendant to

12  identify which survey responses were provided by Union-represented employees.

13         Based on the foregoing, the Court denies plaintiff's motion to compel production.

14                                CONCLUSION

15         For the reasons discussed in this Order, the Court grants plaintiff's motion for

16  extension of time (Dkt 47) and denies plaintiff's motion to compel production (Dkt. 49).

17  The Clerk of the Court is directed to send a copy of this Order to counsel for the parties

18  in this action.

19         Dated this 22nd day of December, 2020.

20

21

22                                          Theresa L. Fricke

23                                          Theresa L. Fricke
                                            United States Magistrate Judge

24

25

ORDER GRANTING MOTION FOR EXTENSION OF
TIME AND DENYING MOTION TO COMPEL - 5